HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCANNING TECHNOLOGIES INNOVATIONS LLC,<br><br>       Plaintiff,<br>   v.<br><br>SMARTOSC US LLC,<br><br>       Defendants. | CASE NO. 2:19-cv-1002-RAJ<br><br>ORDER |

## I.     INTRODUCTION

This matter comes before the Court on Plaintiffs' motion for default judgment. Dkt. # 12.  Having reviewed the record and relevant law, the Court **GRANTS** the motion.

## II.     BACKGROUND

On June 27, 2019, Plaintiff Scanning Technologies Innovations, LLC ("Plaintiff") filed this action for patent infringement.  Dkt. # 1 at 1.  Plaintiff establishes that it is the owner by assignment of United States Patent No. 9,466,078 ("'078 Patent") with sole right to enforce the patent and sue infringers.  *Id.* ¶ 10; Dkt. # 2.  Plaintiff claims that Defendant SmartOSC US LLC ("Defendant") infringes on the '078 Patent by "making, using, importing, selling, and/or offering for sale a point of sale system and app covered by one or more claims of the '078 Patent" in violation of 35 U.S.C. § 271.  Dkt. # 1 ¶ 13.

Plaintiff seeks damages resulting from Defendant's infringement under 35 U.S.C. § 284, pre-judgment and post-judgment interest and costs, as well as "such further relief to which the Court finds Plaintiff entitled under law or equity." *Id.* ¶ 29.

On July 3, 2019, Defendant's registered agent, Ramona Doe, was served with the summons and complaint. Dkt. # 8. Defendant did not file a response. On September 9, 2019, Plaintiff filed a motion for default based on Defendant's failure to file an answer or any other responsive pleading. Dkt. # 9. On September 10, 2019, the Clerk of the Court granted the motion and entered an order of default against Defendant. Dkt. # 11.

On April 22, 2020, Plaintiff filed the pending motion for default judgment. Dkt. # 12. Plaintiff requests damages based upon "a reasonable royalty" in the amount of "$1,071,000, but no less than $50,000." *Id.* ¶ 4-6. Plaintiff's calculations are based on "research and belief . . . that Defendant has relied upon and utilized the technology embodied in the '078 Patent for a substantial portion of Defendant's business." Dkt. # 12-1 ¶ 5. Plaintiff opines that Defendant "utilize[d] the technology embodied in the '078 Patent to produce 70% of its revenue." *Id.* ¶ 8. Relying on income figures obtained by Zoominfo, Plaintiff notes that Defendant has an annual revenue of 17 million dollars. *Id.* ¶ 6. Plaintiff alleges that Defendant should be assessed a three percent royalty on its alleged usage of Plaintiff's technology. *Id.* Plaintiff also alleges that Defendant has used the infringing technology for at least three years. *Id.* Calculating the royalty over three years based on these factors, Plaintiff concludes it is entitled to $1,071,000 plus attorney's fees and costs. *Id.* Plaintiff also notes that the payments for previous licenses of the '078 Patent range from $15,000 to $50,000. *Id.* ¶ 10.

### III. DISCUSSION

At the default judgment stage, a court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The entry of default judgment under Rule 55(b) is "an extreme measure," and

disfavored cases should be decided on their merits whenever reasonably possible. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *also see Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 55(b)(1) permits a court to enter default judgment when a plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In moving a court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B). In determining damages, a court can rely on declarations submitted by a plaintiff. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1046 (N.D. Cal. 2010).

Because Plaintiff's damages are calculated based on unconfirmed figures regarding the percentage of revenue created by Defendant's allegedly infringing technology, as well as the number of years Defendant may have been utilizing the allegedly infringing technology, damages cannot be made certain by computation. *See* Fed. R. Civ. P. 55(b)(1). The damages calculation is based on unknown factors and cannot be verified without further evidence confirming the amount set forth. The Court may, however, rely on Plaintiff's declaration that it paid between $15,000 to $50,000 for licenses for the '078 Patent. *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1046 (N.D. Cal. 2010). For this reason, the Court finds that Plaintiff is entitled to $50,000. Plaintiff also requests attorney's fees and costs but fails to provide a calculation of such costs or any evidence supporting it. The Court will permit Plaintiff to file supplemental material verifying attorney's fees and costs within two weeks of the date of this Order for consideration by the Court.

## IV. CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that:

(1) Default judgment is entered in favor of Plaintiff Scanning Technologies Innovations, LLC;

1  (2) Default judgment is for the total amount of $50,000;

2  (3) Plaintiffs' counsel shall provide the Court with an updated accounting of

3  attorney's fees and costs as well as supporting documentation within fourteen (14)

4  days of this order so that judgment may be entered.

5  Dated this 1st day of March, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER- 4